ELECTRONICALLY FILED - 2020 Dec 07 9:33 AM - YORK - COMMON PLEAS - CASE#2020CP4603710

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS SIXTEENTH JUDICIAL CIRCUIT |
|---|---|
| COUNTY OF YORK | File No: 2020-CP-46-_____ |
| Sara C. Roseborough, | |
|     Plaintiff, | |
| v. | Summons<br>[Jury Trial Demanded] |
| Target Corporation, | |
|     Defendant. | |

**To: DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to answer Plaintiff's original Complaint, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint, upon Justin Bice, 406 Tom Hall Street, Fort Mill, South Carolina 29715, within thirty (30) days after the service hereof, exclusive of the day of such service, and, if you fail to answer said Complaint with the time aforesaid, default judgment may be entered against you for the relief demanded in the said Complaint.

                                                                           Respectfully submitted,

                                                                           BICE LAW LLC

                                                                           s/ Justin Bice_____
                                                                           Justin Bice
                                                                           Bar No.: 78411/SC, 38033/NC
                                                                           justin@bicelaw.us
                                                                           406 Tom Hall Street
                                                                           Fort Mill, SC 29715
                                                                           Phone/Fax: (803) 639-8777
                                                                           Attorney for Plaintiff

Fort Mill, South Carolina.
December 7, 2020.

ELECTRONICALLY FILED - 2020 Dec 07 9:33 AM - YORK - COMMON PLEAS - CASE#2020CP4603710

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS SIXTEENTH JUDICIAL CIRCUIT |
| COUNTY OF YORK | File No: 2020-CP-46-_____ |
| Sara C. Roseborough, | |
| **Plaintiff,** | |
| v. | **Complaint** <br> **[Jury Trial Demanded]** |
| Target Corporation, | |
| **Defendant.** | |

Plaintiff, complaining of Defendant, alleges and says as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Sara C. Roseborough ("Plaintiff") is an adult citizen and resident of York County, South Carolina.

2. Defendant Target Corporation ("Defendant") is a foreign corporation incorporated under the laws of the State of Minnesota. Defendant conducts substantial business in South Carolina, including York County. Defendant owns and operates the retail store located at 900 Metropolitan Ave #2, Charlotte, NC 28204 where the injury at issue in this matter occurred.

3. This Court has jurisdiction over these parties and claims and is the proper venue for this action.

### Facts

4. Defendant owns and operates a retail store located at 900 Metropolitan Ave #2, Charlotte, NC 28204 ("Store").

5. On or about May 12, 2018, Plaintiff slipped and fell ("Incident") at the Store.

6. Plaintiff was shopping at the Store when the Incident occurred.

7. Plaintiff slipped in a chemical substance on the floor of the Store.

2

ELECTRONICALLY FILED - 2020 Dec 07 9:33 AM - YORK - COMMON PLEAS - CASE#2020CP4603710

8. The chemical substance was located near the Store's intimate apparel department.

9. An employee of the Store was cleaning the floor in and around the intimate apparel department prior to Plaintiff's fall.

10. The employee of the Store left the area he or she was cleaning without putting out a wet floor sign.

### First Cause of Action
### Negligence/Negligence Per Se

11. Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

12. Plaintiff was an invitee on Defendant's premises at the time of the Incident.

13. Defendant owed Plaintiff the duty to exercise ordinary care to keep the premises in a reasonably safe condition.

14. Defendant knew or should have known that a dangerous condition existed.

15. Defendant was negligent, careless, wanton, willful, and acted with a reckless disregard for the rights of Plaintiff, in the following particulars:

   a. In failing to exercise proper care to keep the premises in a reasonably safe condition;

   b. In carelessly and negligently placing and allowing a chemical substance to remain on the floor of the aisle of the store through which Plaintiff was walking;

   c. In carelessly and negligently failing to remove the chemical substance;

   d. In failing to adequately warn customers and/or invitees that a dangerous condition existed;

   e. In failing to properly train or supervise their employees so as to prevent dangerous conditions from existing;

    f.    In failing to properly staff the store; and

    g.    In such other and further particulars as the evidence at trial might show.

16. Defendant breached each of these duties set forth above in a negligent, grossly negligent, willful, wanton, careless, and reckless manner.

17. Defendant's conduct set forth above was a proximate cause of Plaintiff's injuries and damages including past, present, and future medical expenses, pain, suffering; lost wages, mental and emotional anguish and illness, and impairments which affect their enjoyment of life.

18. As a direct result of Defendant's aforesaid negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff is entitled to actual, consequential, special, and punitive damages in an amount to be determined by a jury.

## Second Cause of Action
## Punitive Damages

19. Plaintiff restates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

20. Defendant engaged in the wrongful conduct described above maliciously, willfully, and with a conscious indifference and/or reckless disregard for Plaintiff's rights. As stated above, Defendant was aware of the dangerous condition, but did nothing to prevent the Incident.

21. As a direct and proximate result of Defendant's malicious, willful, reckless and wanton conduct, Plaintiff has suffered damages.

22. Plaintiff is entitled to recover punitive damages in an amount to be determined by a jury, but sufficient in amount to deter Defendant and others similarly situated from engaging in such misconduct in the future.

ELECTRONICALLY FILED - 2020 Dec 07 9:33 AM - YORK - COMMON PLEAS - CASE#2020CP4603710

ELECTRONICALLY FILED - 2020 Dec 07 9:33 AM - YORK - COMMON PLEAS - CASE#2020CP4603710

## Prayer for Relief

Plaintiff prays that the Court:

1. Enter a judgment that Plaintiff recovers from Defendant all actual, consequential, special, and punitive damages caused by Defendant's negligence/negligence per se, in an amount exceeding $100,000;

2. Enter a judgment that Plaintiff recovers from Defendant the costs and expenses of this action as permitted by law;

3. Grant Plaintiff a trial by jury; and

4. Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

BICE LAW LLC

s/ Justin Bice
Justin Bice
Bar No.: 78411/SC, 38033/NC
justin@bicelaw.us
406 Tom Hall Street
Fort Mill, SC 29715
Phone/Fax: (803) 639-8777
Attorney for Plaintiff

Fort Mill, South Carolina
December 7, 2020.

Jury Trial Requested.